IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS GARCIA, :
    Petitioner :
     : No. 1:23-cv-00197
    v. :
ACTING WARDEN RICKARD, :
    Respondent[1] :

## MEMORANDUM

Petitioner Carlos Garcia, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Garcia claims that the Federal Bureau of Prisons (BOP) improperly calculated his time credits under the First Step Act of 2018 (FSA).[2] Because Garcia has failed to exhaust available administrative remedies, the Court must dismiss his Section 2241 petition.

## I.   BACKGROUND

Garcia is currently serving a 60-month sentence imposed by the United States District Court for the District of New Jersey for felon in possession of a firearm and possession with intent to distribute cocaine. (*See* Doc. No. 9-1 at 3 ¶ 3; *id.* at 6.) His

---

[1] The Court observes that Garcia is incarcerated in USP Lewisburg and thus the appropriate (and only) respondent would be the warden of that prison. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a . . . habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). According to Respondent, the new warden of USP Lewisburg is "Warden Sage." (*See* Doc. No. 9 at 1 n.1.) Because Garcia's Section 2241 petition must be dismissed, the Court declines to *sua sponte* adjust the caption and parties in this case.
[2] Pub. L. 115-391, 132 Stat. 5194 (2018).

current projected release date, via FSA time credit release, is July 8, 2026. (*See* Doc. No. 9-1 at 3 ¶ 3; *id.* at 6.)

Garcia contends that his FSA time credits were improperly calculated by the BOP. (*See* Doc. No. 1 at 1.) Specifically, he asserts that between August 21, 2022, and October 17, 2022, he was improperly disallowed 57 FSA program days. (*See id.*) Garcia, however, has failed to exhaust his administrative remedies, so the Court must dismiss his Section 2241 petition. Even if the Court could entertain Garcia's petition, it appears to be meritless.

**II.   DISCUSSION**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins

with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

Garcia appears to concede that he has not exhausted his administrative remedies. (*See* Doc. No. 1 at 1.) He cursorily alleges, without any explanation or support, that "administrative remedies have been attempted but blocked or denied by staff." (*Id.*)

Respondent points to the record showing that Garcia has filed several administrative remedies with the BOP, but none regarding FSA time credits. (*See* Doc. No. 9-1 at 4 ¶ 5.) Thus, the record undercuts Garcia's contention that he is being blocked by BOP staff from seeking administrative relief. Put differently, Garcia's unsupported claim that his attempts at administrative exhaustion have been "blocked or denied by staff"—in light of his other successful administrative filings—is insufficient to circumvent the prudential exhaustion requirement for Section 2241 petitions. Moreover, Garcia's dispute regarding the calculation of FSA credits is the exact type of claim that needs to be raised first with the BOP so that the alleged error could be corrected or a record for habeas review could be developed. *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

Even if Garcia had administratively exhausted his claim, it appears that the BOP correctly calculated his FSA credits. Respondent asserts, with no dispute or

4

counterargument from Garcia, that the 57 days at issue were properly disallowed by the BOP under pertinent BOP policy.  Respondent explains that, because Garcia chose not to participate in a required program—the inmate Financial Responsibility Program—he was placed into "opt out" status for FSA credit calculation and thus did not accrue time credits from August 21 to October 17, 2022.  (*See* Doc. No 9 at 8-9; Doc. No. 9-1 at 4 ¶¶ 8-9); FED. BUREAU OF PRISONS, *Program Statement 5410.01 First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, § 7 (2022).  Again, Garcia does not contest this explanation or challenge the BOP policy in any way.  Consequently, it appears that there was no error in his FSA time credit calculations.

In sum, because Garcia failed to exhaust his administrative remedies, the Court must dismiss his Section 2241 petition.  *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).  Furthermore, even if Garcia had properly exhausted his administrative remedies, it appears that his underlying claim is meritless.

## III.  CONCLUSION

Based on the foregoing, the Court will dismiss Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 24, 2023